# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09 cr 29-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ALBERT ESPINOZA. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court pursuant to a Motion filed by the Government entitled "Motion for Hearing Regarding Conflict of Interest" (#196). In the Motion the United States Attorney advises that there is a potential conflict of interest between Defendant and Defendant's counsel, L. Aron Pena in that Mr. Pena was also representing Humberto Longoria Moreno. Mr. Moreno is charged in a bill of indictment in file 2:10cr14 with conspiracy to distribute marijuana and money laundering. It is the government's contention that Mr. Espinoza is a co-conspirator with Mr. Moreno and as a result, Mr. Pena's representation of both defendant's would create a conflict of interest. The government has further shown that Mr. Pena is representing Mr. Espinoza in regard to an appeal which is presently before the United States Court of Appeals for the Fourth Circuit and that the Appellate Court has remanded this matter to the District Court for the limited purpose of conducting a hearing pursuant to Fed.R.Crim.P.44(c) regarding the potential conflict of interest

-1-

arising out of Mr. Pena's simultaneous representation of the alleged co-conspirator, Mr. Moreno and Mr. Espinoza. (#195) On July 5, 2011 a hearing was conducted on the motion at which Mr. Espinoza and Mr. Pena appeared. Mr. Moreno and attorney Kenneth Snow of Charlotte, North Carolina, who made a general appearance for Mr. Moreno, were in appearance and at which the government was present.

At the hearing, the Court explained to Defendant Espinoza the nature of the perceived conflict, and defendant's constitutional right to conflict free counsel and representation. After offering such explanation, the Court afforded Defendant Espinoza an opportunity to speak to the Court. Mr. Espinoza advised that he had no objection to his continued representation by Mr. Pena. Mr. Pena was afforded an opportunity to speak and Mr. Pena advised that he had filed a Motion to Withdraw in regard to Defendant Moreno and Mr. Snow was now representing Defendant Moreno and had made a general appearance on Mr. Moreno's behalf. Mr. Pena further advised the Court that he had made no disclosures whatsoever to Defendant Espinoza of any statements or information provided to him by Defendant Moreno and conversely that he had no disclosures to Defendant Moreno of any statements or information provided to him by Defendant Espinoza. Mr. Pena requested permission of the Court to continue to represent Defendant Espinoza and to be allowed to withdraw as counsel for Defendant Moreno. The Court afforded Defendant Moreno

an opportunity to speak and Defendant Moreno advised that he had no objection to Mr. Pena being allowed to withdraw as his attorney and for Mr. Pena to continue to represent Defendant Espinoza in regard to Defendant Espinoza's appeal. Mr. Snow advised the undersigned that he was making a general appearance on behalf of Defendant Moreno and would be representing him further in this matter.

After hearing from defendants and respective counsel, the Court afforded Defendant Espinoza an additional opportunity to speak, to confer with Mr. Pena, or ask the Court any questions that Defendant Espinoza might have. Defendant Espinoza advised the Court that he understood his rights regarding a conflict free representation and that Defendant Espinoza desired that Mr. Pena be allowed to continue to represent him in his capacity as counsel of record in regard to the appeal. Upon request of the undersigned, Defendant Espinoza executed a document entitled Waiver of Right to Conflict Free Representation (#200).

Rule 44(c) requires the Court to take prompt action when the possibility of a conflict of interest arises in a criminal matter:

> (2) **The Court's Responsibilities in Cases of Joint Representation**
>
> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed.R.Crim.P.44(c)(2).

Based on the record before the Court as developed at the hearing, the Court finds that Mr. Pena has filed a motion to withdraw as counsel for Defendant Moreno and has assured the Court that he has made no disclosures whatsoever to Defendant Espinoza of any information provided to him by Defendant Moreno or any confidential communications made to Mr. Pena by Defendant Moreno. Mr. Pena has further assured the court that he has not made any disclosures to Defendant Moreno regarding any information that he obtained from Defendant Espinoza. To ensure that there would be no possibility of a conflict of interest, Mr. Pena has filed a motion to withdraw in regard to his representation of Defendant Moreno and Mr. Snow is now representing Defendant Moreno in the defense of that case.

Having conducted the inquired by Rule 44(c)(2), the Court finds there is good cause to believe that no conflict of interest now arises. The Court finds that the defendant has been fully informed of the nature of the perceived conflict and has made a knowing and voluntary consent to the continuation of his representation by Mr. Pena. The Court concurs in Defendant's decision and will allow the continuation of such representation.

## ORDER

**IT IS, THEREFORE, ORDERED** that having conducted a Rule 44 inquiry, the Court allows the continued representation of the Defendant in this matter by Mr. Pena.

Signed: July 13, 2011

Dennis L. Howell
United States Magistrate Judge