THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:09-cr-00029-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) ALBERT ESPINOZA, ) ) Defendant. ) _____ ) | O R D E R |

**THIS MATTER** is before the Court the Defendant's "Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582" [Doc. 284]. The Government opposes the Defendant's motion for a reduction of his sentence. [Doc. 286].

**I.    BACKGROUND**

In January 2010, the Defendant Albert Espinoza pled guilty to one count of conspiracy to distribute controlled substances. [Doc. 98]. In August 2010, the Court sentenced him to 210 months' imprisonment, to be followed by five years of supervised release. [Doc. 161]. On January 19, 2016, the Court reduced the Defendant's sentence to 168 months pursuant to 18

U.S.C. § 3582(c)(2). [Doc. 282]. The Defendant is currently housed at FCI Bastrop, and his projected release date is August 9, 2021.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 284]. Specifically, the Defendant argues that his parents are elderly and have health conditions that place them at risk for serious complications should they contract COVID-19. [Id.]. The Court ordered the Government to respond to the Defendant's motion, and the Government filed its response on November 17, 2020. [Doc. 286]. This matter is now ripe for adjudication.

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §

---

[1] See https://www.bop.gov/inmateloc/ (last visited Nov. 18, 2020).

3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a)

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." As is pertinent here, the defendant's family circumstances can serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C).

Here, the Defendant contends that his parents are elderly and are at higher risk of serious illness or death should they contract COVID-19. Even assuming these allegations are true, these circumstances do not meet the criteria set forth in the application note to USSG § 1B1.13 because they do not involve a minor child or an incapacitated spouse. Even if such circumstances could be considered, the mere *possibility* that the Defendant's

4

parents one day *may* contract COVID-19 and *may* suffer serious complications therefrom does not qualify as an extraordinary or compelling reason justifying the relief that the Defendant requests.

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was very serious, involving tremendous quantities of drugs while working on behalf of an international drug distribution ring. The Defendant was the leader of a conspiracy that involved the importation of massive amounts of marijuana into Western North Carolina from a Mexican drug trafficking organization. [Doc. 145: PSR at ¶¶ 6-32]. The Defendant was found to be responsible for 1,000 to 3,000 kilograms of marijuana. [Id. at ¶ 32]. In addition to marijuana, he assisted with the transportation of dozens of kilograms of cocaine from Atlanta. [Id.

at ¶ 20]. The Defendant also possessed and traded firearms, including an AR-15 assault rifle, during and in furtherance of the conspiracy. [Id. at ¶¶ 30, 44].

The Defendant also has a significant criminal history, including prior convictions for felony theft of property in 2003, and felony possession of cocaine in 2006. [Id. at ¶¶ 54-55]. It appears that he was on probation for the theft conviction when he committed the drug offense and was on probation for both state convictions during the period that Defendant led the drug conspiracy at issue from January 2009 through July 2009. [Id.].

In light of the offense conduct and the Defendant's criminal history, the Court finds that the sentence imposed was sufficient but not greater than necessary to accomplish the goals set forth in § 3553(a), and that the sentence properly reflects the seriousness of the offense, the need to deter criminality, and the need to protect the public from further crimes of the Defendant. For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration.

6

Case 2:09-cr-00029-MR-WCM   Document 287   Filed 11/23/20   Page 6 of 7

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582" [Doc. 284] is **DENIED**.

**IT IS SO ORDERED.** Signed: November 23, 2020

Martin Reidinger
Chief United States District Judge